**UNITED STATES v. MELLON et al.**

No. 94, Docket 20767.

Circuit Court of Appeals, Second Circuit.

Dec. 15, 1947.

Louis Halle, of New York City, for appellant.

J. Vincent Keogh, U. S. Atty., of Brooklyn (Mario Pittoni, Asst. U. S. Atty., of Brooklyn, of counsel), for appellee.

Before SWAN, CLARK, and FRANK, Circuit judges.

PER CURIAM.

The appellant was convicted by verdict of a jury upon a charge that on February 20, 1940, he caused an appeal bond to be furnished on behalf of Michael Pecoraro, named as principal in the bond, and caused some person to forge the signature of "Charles D. Martineau" who was named as surety in the bond. "Charles D. Martineau" was a name used by George La-Fante, and in that name LaFante held title to real estate jointly purchased by him and the appellant. LaFante testified that he had neither signed the bond nor authorized anyone to sign it. When the bond was executed on February 20, 1940 the appellant was in jail under an arrest made on February 13th. Proof of his guilt in respect to the bond rests upon an oral confession made by him in December 1944 to Ralph Lewis, an F.B.I. agent, who testified as to what the appellant then told him. The appellant took the stand and denied having made the confession but the jury found against him.

It is urged that the conviction must be set aside because the confession is uncorroborated. Warszower v. United States, 312 U.S. 342, 345, 61 S.Ct. 603, 85 L.Ed. 876; Daeche v. United States, 2 Cir., 250 F. 566,

571. But corroboration is found both in LaFante's denial that he signed or authorized anyone to sign the bond, and in the fact that the appellant was not jailed until February 13th and therefore had opportunity to arrange before that date to have the bond furnished thereafter, as his confession stated he had done. We think the corroboration sufficient. United States v. Kertess, 2 Cir., 139 F.2d 923, certiorari denied Kertess v. United States, 321 U.S. 795, 64 S. Ct. 847, 88 L.Ed. 1084.

The judgment is affirmed.